Hs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | NO. CIV. 2:11-2260 WBS CMK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS |
| JACOB EVANS ALBRIGHT, INDIVIDUALLY and d/b/a MINERS RANCH SALOON, | |
| Defendant. | |

----oo0oo----

Plaintiff Joe Hand Promotions, Inc., brought this action against defendant Jacob Evans Albright, individually and doing business as Miners Ranch Saloon, arising from defendant's allegedly unauthorized public exhibition of a televised sporting event. Presently before the court is plaintiff's motion for attorney's fees and costs.

The factual and procedural background of this case is set forth in detail in the court's June 5, 2013 Order regarding

1

cross-motions for summary judgment. (Docket 31.) For purposes of this motion, it is sufficient to recount the outcome of the court's June 5 Order.

The court granted plaintiff's motion for partial summary judgment in its favor on plaintiff's claim for violation of 47 U.S.C. § 605 and awarded $1,000 in statutory damages. (June 5, 2013 Order at 21:17-20 (Docket No. 31).) It also granted the motion with respect to plaintiff's conversion claim and awarded $1,100 in damages. (Id. at 21:22-24.) The court denied plaintiff's motion with respect to its claim for violation of 47 U.S.C. § 553. (Id. at 21:20-21.)

The court granted defendant's motion for partial summary judgment with respect to plaintiff's requests for enhanced statutory damages under §§ 553 and 605, punitive damages for conversion, and attorney's fees pursuant to California Civil Code section 1021.5. (Id. at 21:25-22:1.) It denied defendant's motion with respect to plaintiff's California Unfair Competition Law ("UCL") claim and its request to recover under both its statutory and conversion claims. (Id. at 22:1-22:3.) Finally, the court approved the parties' stipulation and dismissed the UCL claim with prejudice on June 27, 2013. (Docket No. 35.)

On June 19, 2013, plaintiff filed the instant motion for attorney's fees and costs pursuant to 47 U.S.C. §§ 553 and 605, Federal Rule of Civil Procedure 54(d), and Eastern District Local Rules 292 and 293. (Docket No. 33.) Defendant opposes the motion. (Docket No. 38.)

I.  Attorney's Fees

Under 47 U.S.C. § 605(e)(3)(B)(iii), the court must

2

award "full costs, including reasonable attorney's fees to an aggrieved party who prevails." See Circuito Cerrado, Inc. v. Garcia, C 10-02558 JW, 2011 WL 4529740, at *4 (N.D. Cal. Sept. 29, 2011) ("Where liability has been established under § 605, recovery of attorneys fees and costs is mandatory."). Here, plaintiff prevailed on its § 605 claim. (June 5, 2013 Order at 21:17-20.) Pursuant to § 605, the court must therefore award plaintiff its reasonable attorney's fees and costs.[1]

    A.   Lodestar Calculation

To determine reasonable attorney's fees, the court must first calculate the lodestar by taking the number of hours reasonably expended and multiplying it by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). There is a strong presumption that the lodestar is reasonable. Id. However, the court may adjust the lodestar figure upward or downward if circumstances warrant.[2] Id.

---

[1] Curiously, plaintiff devotes several paragraphs to a discussion of attorney's fees under § 553. Because plaintiff did not prevail on its § 553 claim, it is not entitled to attorney's fees and costs under that section. Therefore, the court will only address recovery of attorney's fees and costs under § 605.

[2] Once the lodestar has been determined, the court may adjust the lodestar after considering the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

1.  <u>Reasonable Hourly Rate</u>

To determine the reasonableness of the hourly rates requested, the court looks to the prevailing market rates in the relevant community for "similar work performed by attorneys of comparable skill, experience, and reputation." <u>Blum v. Stetson</u>, 465 U.S. 886, 895 (1984); <u>Chalmers v. Los Angeles</u>, 796 F. 2d 1205, 1210-11 (9th Cir. 1986).  The relevant community is generally the forum in which the district court sits as opposed to where counsel is located. <u>Barjon v. Dalton</u>, 132 F. 3d 496, 500 (9th Cir. 1997).  As the moving party, plaintiff has the burden of producing sufficient evidence to show that its requested hourly rates are reasonable, <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 979 (9th Cir. 2008), and "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum</u>, 465 U.S. at 895 n.11.

Plaintiff requests the following hourly rates: $450 for attorney Thomas P. Riley; $300 for an unnamed research attorney; $150 for a paralegal; and $75 for an administrative assistant. (Riley Decl. ¶ 5 (Docket No. 33-1).)  Riley submitted a declaration stating that his firm "specializes in the civil

---

<u>Morales v. City of San Rafael</u>, 96 F. 3d 359, 363 n.8 (9th Cir. 1996) (citing <u>Kerr v. Screen Actors Guild Extras, Inc.</u>, 526 F. 2d 67, 70 (9th Cir. 1975)).  Factors that were already subsumed in the initial lodestar determination should not be counted again during the adjustment phase.  <u>See</u> <u>id.</u>  The court should consider, but need not discuss, each factor. <u>See</u> <u>Sapper v. Lenco Blade, Inc.</u>, 704 F. 2d 1069, 1073 (9th Cir. 1983).
The novelty and difficulty of the issues and results obtained factors are presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation. <u>Morales</u>, 96 F. 3d at 363 n.9.

4

prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of the major televised sporting events and has done so since December 1994." (Id. ¶¶ 3-4.)  In support of his personal rate, Riley states that he has "been practicing law for over two decades" and that his rate is "comparable to the rates of law firm partners who practice in specialized litigation."  (Id. ¶¶ 3, 5.)

Riley further asserts that his firm's "rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." (Id. ¶ 6) In support of this assertion, Riley attaches a copy of the Laffey Matrix, which is a compilation of market rates in the Washington, D.C. area.  (Id. Ex. 2.)  The relevant community in this case, however, is the Sacramento Division of the Eastern District of California.  See Camacho, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.").  Information on the prevailing rates in other communities is of little assistance to the court in determining whether plaintiff's requested rate for Riley is within the prevailing rates in Sacramento.  See Fitzgerald v. Law Office of Curtis O. Barnes, No. 1:12-cv-00071-LJO-GAS, 2013 WL 1627740, at *3 (E.D. Cal. Apr. 15, 2013), report and recommendation adopted, 1:12-CV-00071 LJO, 2013 WL 1896273 (E.D. Cal. May 6, 2013) (finding Lafffey Matrix to be "irrelevant to determining reasonable hourly rates for" counsel in the forum of the Eastern District of California, Fresno Division).

As plaintiff has not provided the court with any

5

apposite information regarding the prevailing market rates for similar work performed by comparable attorneys in Sacramento, the court will look to other sources.  In one recent case in this district where plaintiff failed to provide any information on the hourly rate in the Sacramento region for a "routine copyright infringement" case, Judge Mueller found $275 to be a reasonable rate for an attorney with twenty years experience in her expertise of intellectual property matters.  See Broad. Music Inc. v. Antigua Cantina & Grill, LLC, 2:12-CV-1196 KJM DAD, 2013 WL 2244641, at *1 (E.D. Cal. May 21, 2013).  In another case in this district, Judge England approved the rate of $275 per hour for an attorney with over ten years experience working on cases involving the Fair Debt Collection Practices Act, which, similar to § 605, allows the court in its discretion to award statutory damages.  See Branco v. Credit Collection Servs., Inc., 2:10-CV-01242-MCE, 2011 WL 6003877, at *3-4 (E.D. Cal. Dec. 1, 2011); cf. Lehr v. City of Sacramento, 2:07-CV-01565-MCE, 2013 WL 1326546, at *7 (E.D. Cal. Apr. 2, 2013) (finding $400 to be a reasonable rate for "one of the most experienced and successful civil rights attorneys in the Sacramento area").  The court finds that $350 per hour is a reasonable hourly rate for Riley.

Plaintiff provided no information regarding the qualifications of the "research attorney" used in this case.  The court's independent research shows that a reasonable rate for associates working in this community is between $150 and $175 per hour.  See, e.g., Broad. Music Inc., 2013 WL 2244641, at *1 (awarding associate $175 per hour); Passport Health, Inc. v. Travel Med, Inc., 2:09-CV-01753-GEB, 2011 WL 6211874, at *2 (E.D.

6

Cal. Dec. 14, 2011) (Burrell, J.) (awarding hourly rate of $150 for associates in a contract action); Yeager v. Bowlin, CIV.2:08-102WBSJFM, 2010 WL 2303273, at *6 (E.D. Cal. June 7, 2010), aff'd, 495 F. App'x 780 (9th Cir. 2012) (Shubb, J.) (explaining that a reasonable rate for associates in this district is $150).  In the absence of any information regarding the qualifications of the research attorney, the court finds the rate of $150 per hour for the research attorney is reasonable.

Plaintiff also failed to provide any information on the prevailing market rates for paralegals in Sacramento.  According to the court's own research, "the paralegal rate 'favored in this district' is $75 per hour." Friedman v. Cal. State Emps. Ass'n, 2:00-101 WBS DAD, 2010 WL 2880148, at *4 (E.D. Cal. July 21, 2010) (Shubb, J.); see also Passport Health, Inc., 2011 WL 6211874, at *2 (awarding a rate of $75 per hour for paralegal time).  The court therefore finds that a rate of $75 per hour for the paralegal is reasonable.

Plaintiff requests fees for tasks performed by an administrative assistant that appear to be secretarial or administrative in nature, including the preparation, filing and service of various papers; public records research of defendant; and review of court documents.[3]  To recover for such tasks, plaintiff must show that such expenses are not subsumed in the attorney's hourly rate and that billing secretarial expenses separately is the prevailing practice in this forum.  See

---

[3]  Plaintiff concedes that at least some of the fees requested are for "clearly ministerial tasks."  (See Reply at 6:9-12 (Docket No. 43).)

7

Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006); Fitzgerald, 2013 WL 1627740, at *6.  Because plaintiff has not provided the court with any information as to local billing practices regarding secretarial or administrative work, or attempted to distinguish the tasks for which fees are requested here from the ordinary administrative tasks typically subsumed within the overhead expenses of a law firm, the court will exclude any hours attributed to the administrative assistant.

In sum, the court finds the following rates to be reasonable: $350 for Riley, $150 for the unnamed research attorney, and $75 for the paralegal.

2. Hours Reasonably Expended

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.  Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers, 796 F.2d at 1210 (internal citation omitted).  The Supreme Court has noted, however, that the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, --- U.S. ---, ---, 131 S. Ct. 2205, 2216 (2011).  "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id.

Plaintiff requests attorney's fees for the following hours: 4.75 hours for attorney Thomas P. Riley, 17.5 hours for

8

the independent research attorney, and 1 hour for the paralegal.[4] (Riley Decl. Ex. 1 at 5.)

Plaintiff's billing records were not created contemporaneously, but rather reconstructed after the fact. (Riley Decl. ¶ 6.)  Courts have found the billing records of parties that use this practice to be "inherently less reliable" and have reduced the fee award where the time requested for certain tasks appeared to be unnecessary, excessive, or unreasonable. See, e.g., G&G Closed Circuit Events, LLC v. Kim Hung Ho, 11-CV-03096-LHK, 2012 WL 3043018, at *2 (N.D. Cal. July 25, 2012) (reducing fee award by one-third in part because of lack of contemporaneous time records); Joe Hand Promotions, Inc. v. White, C 11-01331 CW JSC, 2011 WL 6749061, at *3 (N.D. Cal. Dec. 6, 2011) report and recommendation adopted, C 11-1331 CW, 2011 WL 674065 (N.D. Cal. Dec. 23, 2011) (reducing fee award by one-third in part because plaintiff's counsel "provided no . . . billing and cost records [other than] a reconstruction of services and hours long after the fact") (alteration in original)).  Here, however, the court does not find the requested time to be unnecessary, excessive, or unreasonable, except as to certain secretarial tasks addressed below.

Defendant makes several arguments that bear on whether the hours for which plaintiff requests fees are reasonable. Defendant contends that plaintiff's counsel has been "involved in such a large number of [similar] cases that it has templates to

---

[4] Plaintiff also requests attorney's fees for 9.1 hours of work by the administrative assistant, but as noted above, the court will not award any fees for work by the administrative assistant.

9

use in its arsenal" and therefore the amount of time he spends on any particular case is small. (Opp'n at 5:8-10, 5:19-20 (Docket No. 38).) As defendant points out, Riley states in his declaration that he has "handled thousands of signal piracy files over the last decade and a half," (Riley Decl. ¶ 6), which suggests that Riley handles such cases as a matter of routine.

"Where there is a lack of opposition to a party's motions, or where the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorney's fees excessive." Joe Hand Promotions, Inc. v. Be, 11-CV-01333-LHK, 2011 WL 5105375, at *6 (N.D. Cal. Oct. 26, 2011). In contrast to the usual broadcast piracy case, however, this action did not involve a default judgment. See, e.g., G&G Closed Circuit Events, 2012 WL 3043018, at *2 (after granting plaintiff's motion for default judgment, reducing plaintiff's requested fees by one-third due in part to duplicative and excessive fees and the boilerplate nature of the filings); White, 2011 WL 6749061, at *3 (after granting plaintiff's motion for default judgment, reducing hours for preparation of motion for default judgment because it "is a form motion which is virtually identical to motions [the] [p]laintiff (through different counsel) filed in many other cases in this and other districts)"). Here, instead, defendant vigorously contested his liability and plaintiff pursued a motion for partial summary judgment. While plaintiff's motion for summary judgment necessarily required reciting some of the same legal arguments plaintiff's counsel has offered in other signal piracy cases, plaintiff had to argue the unique facts of this case, as

10

1 well as defend the motion.  Moreover, unlike in the usual piracy
2 default case, defendant filed its own motion for partial summary
3 judgment.  Plaintiff's counsel expended additional hours in
4 responding to that motion and did not rely on mere boilerplate to
5 do so.  The court therefore finds that a reduction in hours based
6 on the lack of novelty or complexity of the issues in this case
7 is unwarranted.

8        Defendant also contends that plaintiff should not be
9 able to recover an award for attorney's fees that is unreasonable
10 and out of proportion with the overall value of the case and
11 plaintiff's claim.  (Opp'n at 2:5-3:4.)  Although plaintiff
12 obtained a significantly smaller damages award than requested in
13 the Complaint, plaintiff achieved desirable results.  The number
14 of hours spent on this case do not appear to be unreasonable in
15 light of those results.  Further, defendant's argument is
16 premised on plaintiff's requested fees of $8,220.  Once the
17 deductions the court is required to make to the award are
18 considered, the fee is neither vastly out of proportion to the
19 damages plaintiff was awarded, nor is it unreasonable.

20        Moreover, the hours spent on this case were not made
21 unreasonable because plaintiff failed to respond to what
22 defendant describes as "at least two documented attempts on the
23 part of the defense to engage in good faith settlement
24 discussions . . . ."  (Opp'n at 4:2-3.)  Defendant's first
25 attempt was a letter sent to plaintiff requesting a settlement
26 demand.  (Pare Decl. Ex. A. (Docket No. 38-1).)  Defendant
27 provides no authority that such a request provides grounds for
28 finding that an attorney's fee award is unreasonable.  Cf. Berkla

11

1  v. Corel Corp., 302 F.3d 909, 922 (9th Cir. 2002) ("[A]bsent a
2  [Federal Rule of Civil Procedure] 68 offer of judgment, a
3  plaintiff's failure to accept a settlement offer that turns out
4  to be less than the amount recovered at trial is not a legitimate
5  basis for denying an award of costs.")  Defendant's second
6  attempt was a settlement offer purportedly made pursuant to
7  Federal Rule of Civil Procedure 68.  (Pare Decl. Ex. B.)
8  Plaintiff disputes whether defendant's offer complied with Rule
9  68, (Reply at 3:20-4:5 (Docket No. 43)), but the dispute is
10 ultimately irrelevant because Rule 68 only precludes in
11 particular circumstances the award of costs incurred after the
12 Rule 68 offer is made.  Here, all of the attorney's fees and
13 costs requested by plaintiff were incurred before defendant's
14 offer was made.

15       Finally, defendant argues that there are a large number
16 of signal piracy cases that go into default judgment where a
17 modest or minimal amount of damages and attorney's fees awards
18 are awarded.  (Opp'n at 4:13-20.)  He further argues that if the
19 court were to award the requested amount of fees in this case, it
20 would create a perverse incentive to "ignore" the lawsuit and
21 allow default judgment to be entered.  (Id. at 4:21-26.)  The
22 court is aware of this possibility.  However, this argument
23 disregards the risk that a default judgment could also result in
24 a very significant damages and attorney's fees award.  Defendant
25 himself admits that "there is a variety of default judgments"
26 with "significantly higher" awards than $250.00 or $1,000.00.
27 (Id. at 4:18-20.)

28       In sum, the court finds the following hours to be

12

1  reasonable: 4.75 for Riley, 17.5 for the research attorney, and
2  1.0 for the paralegal.
3        The resulting lodestar is $4,427.50, computed as
4  follows:
5     Riley:              4.75    x    $350 =    $1,662.50
6     Research attorney:  17.5    x    $150 =    $2,625
7     Paralegal           1       x    $75  =    $75
8                                               $**4,362.50**
9        Accordingly, plaintiff will be awarded $4,362.50 in
10 attorney's fees.
11 II.  Costs
12       Section 605(e)(3)(B)(iii) also provides for recovery of
13 full costs to an aggrieved party who prevails.  As the prevailing
14 party, plaintiff requests a cost award of $1,296.93.  This
15 includes investigative expenses ($600), the complaint filing fee
16 ($350), photocopy charges ($36.28), service of process charges
17 ($124.75), postage charges ($30.90), and court appearance fees
18 ($155).  (Riley Decl. Ex. 1 at 5.)  Plaintiff attaches an invoice
19 for the investigative expenses, (id. Ex. 3), but not for the
20 service of process charges.
21       Defendant objects to plaintiff's request for
22 investigative expenses on the ground that investigative expenses
23 are not recoverable, or, in the alternative, that such costs
24 should be unallowed due to insufficient documentation.  (Opp'n at
25 7:23-8:17.)  Here, plaintiff included a bare invoice listing $600
26 as the price for investigative services, but included no
27 additional information regarding the qualifications of the
28 investigation company or what services it provided, leaving the

13

court with no means of determining if the charge is reasonable. (Riley Decl. Ex. 3 (Docket No. 33-1).)

Even if plaintiff's investigative costs may be recoverable under § 605,[5] the court finds such costs are unallowable here because they are insufficiently documented. See J & J Sports Prods., Inc. v. Magat, C 11-01149 WHA, 2011 WL 4831206, at *4 (N.D. Cal. Oct. 12, 2011) (declining to award $600 in investigative fees due to inadequate explanation of the expense); White, 2011 WL 6749061, at *3 (finding that plaintiff's pre-filing investigative costs were not recoverable due to inadequate documentation). The court will therefore deduct $600 from plaintiff's cost award.

Plaintiff provided no documentation to support its request for $124.75 for service of process charges. The court also finds that these charges are insufficiently documented and will subtract an additional $124.75 from plaintiff's cost award. See Be, 2011 WL 5105375, at *6 (denying award of costs for service of process charge where counsel claimed a charge of $188.98, but the attached invoice suggested that service of process may have only cost $60).

Accordingly, the court awards plaintiff $572.18 in costs.

---

[5] Plaintiff cites to Kingvision Pay-Per-View v. Autar, 426 F. Supp. 2d 59 (E.D.N.Y. 2006), for the proposition that investigative costs are recoverable under § 605. Although the case supports that proposition, the Autar court declined to award such costs because the plaintiff provided no information documenting "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand such a rate." Autar, 426 F. Supp. 2d at 67-68.

14

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees and costs be, and the same hereby is, GRANTED in the sum of **$4,934.68.**

DATED: August 12, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE