UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOE HAND PROMOTIONS, INC.,          NO. CIV. 2:11-2260 WBS CMK

        Plaintiff,

                      MEMORANDUM AND ORDER RE:
   v.                   MOTION TO ALTER OR AMEND
                      JUDGMENT
JACOB EVANS ALBRIGHT,
INDIVIDUALLY and d/b/a MINERS
RANCH SALOON,

        Defendant.
_____/

----oo0oo----

        Plaintiff Joe Hand Promotions, Inc., brought this
action against defendant Jacob Evans Albright, individually and
doing business as Miners Ranch Saloon, arising from defendant's
unauthorized public exhibition of a televised sporting event.[1]
Before the court is plaintiff's motion to alter or amend the
judgment of the June 5, 2013, Memorandum and Order Re: Cross-

---

    [1]   Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 230(g).

1

Motions for Partial Summary Judgment ("Order"), (Docket No. 31), pursuant to Federal Rule of Civil Procedure 59(e).[2]  (Docket No. 36.)  Defendant opposes the motion.  (Docket No. 40.)

The Order granted in part and denied in part the cross-motions for partial summary judgment.  (June 5, 2013 Order at 21:17-22:5.)  Based on the undisputed evidence that "Ultimate Fighting Championship 118: Frankie Edgar v. BJ Penn 2," including all undercard bouts and fight commentary, (the "Program"), was broadcast at the Miners Ranch Saloon without plaintiff's authorization, the court awarded plaintiff $1,000.00 in statutory damages for its 47 U.S.C. § 605 claim and $1,100.00 in damages for its conversion claim.[3]  (Id. at 21:20-24.)

Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the conservation of judicial resources."  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Sch. Dist. No. 1J, Multonomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that reconsideration should only be granted in "highly unusual circumstances").  A motion for reconsideration "should not merely present arguments previously raised, or which

---

[2]    The June 5, 2013 Order did not completely dispose of this case because the court denied defendant's motion for summary judgment as to plaintiff's California Unfair Competition Law ("UCL") claim.  (June 5, 2013 Order at 22:1-2.)  The court subsequently approved the parties' stipulation and dismissed the only remaining claim with prejudice on June 27, 2013.  (Docket No. 35.)  The court will accordingly order that final judgment now be entered on the Order of June 5, 2013, and will consider the pending motion as one to alter or amend that judgment.

[3]    The factual background of this case is set forth in greater detail in the court's June 5, 2013 Order.  (See Docket No. 31.)

1  could have been raised in the initial . . . motion." <u>United</u>
2  <u>States v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1130 (E.D.
3  Cal. 2001) (citing <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th
4  Cir. 1985)).  Under Rule 59(e), "[r]econsideration is appropriate
5  if the district court (1) is presented with newly discovered
6  evidence, (2) committed clear error or the initial decision was
7  manifestly unjust, or (3) if there is an intervening change in
8  controlling law." <u>Sch. Dist. No. 1J</u>, 5 F.3d at 1263.

9       Plaintiff raises two issues.  First, plaintiff argues
10 that the court "did not adequately take deterrence into account
11 in making its statutory damages award (or in declining to award
12 enhanced statutory damages)." (Mem. in Supp. at 4:21-22 (Docket
13 No. 36).)  The court did consider deterrence in making its
14 determination and cited to a case granting the same statutory
15 damages award under comparable circumstances as it granted.  (<u>See</u>
16 June 5, 2013 Order at 14:8-9, 14:21-24.)  As the court clearly
17 explained, it did not increase the damages award under § 605 to
18 take into consideration the cost of legally broadcasting the
19 Program because plaintiff also asked for damages in that amount
20 for its conversion claim.  (<u>See</u> <u>id.</u> at 19:10-15.)  To have
21 awarded damages for the cost of the Program twice would violate
22 the rule against double recovery.  (<u>Id.</u>)

23      Plaintiff argues further that the court "erred in not
24 considering the <u>general</u> deterrence goals of the piracy statute."
25 (Mem. in Supp. at 6:11-12.)  Plaintiff contends that the court's
26 $2,100 award is not an effective deterrent because "if
27 [d]efendant successfully pirates only one broadcast in the
28 future, he will essentially break even."  (<u>Id.</u> at 6:18-19.)

1   There is no reason to assume that defendant will break the law

2   again, especially given the circumstances of this case.  When

3   considered with the conversion award, the court's award of

4   statutory damages penalizes defendant $1,000 beyond what it would

5   have cost to legally exhibit the Program.  The court considers--

6   and considered--this penalty to be a forceful deterrent,

7   especially for the small establishment at issue.  More

8   importantly, Congress considered that this amount could be an

9   effective deterrent.  If plaintiff feels that the damages minimum

10  provided by § 605 is insufficient to meet the statute's goals,

11  the court is not the proper target of plaintiff's

12  dissatisfaction.  The court also notes that defendant is

13  obligated to pay plaintiff's attorney's fees, which significantly

14  increases the cost of violating § 605.  See 47 U.S.C. §

15  605(e)(3)(B)(iii) (requiring court to award "full costs,

16  including reasonable attorney's fees to an aggrieved party who

17  prevails").

18          Second, plaintiff argues that "it was error to grant

19  summary judgment to [d]efendant" on the issue of enhanced

20  statutory damages.  (Mem. in Supp. at 8:3-4.)  In the Order, the

21  court found that plaintiff was not entitled to enhanced statutory

22  damages.  (June 5, 2013 Order at 16:27-28.)  Such damages are

23  available "in any case in which the court finds that the

24  violation was committed willfully and for purposes of direct or

25  indirect commercial advantage or financial gain . . . ."  47

26  U.S.C. § 605(e)(3)(C)(ii).

27          As the court recounted in its Order, defendant

28  testified that he had no knowledge of the interception or theft

4

of a television signal.  (June 5, 2013 Order at 15:22-23.)  He
did not authorize the interception of a television signal or the
display of television programming without properly paying for it.
(Id. at 15:26-28.)  Nor did he authorize an employee or patron to
intercept the Program.  (Id. at 16:22-25.)  The court found this
evidence to be undisputed.  (Id. at 16:3-4, 16:23-24.)

        Plaintiff argues that, contrary to the court's
conclusion, it disputed defendant's testimony that he had no
knowledge of the unlawful interception.  (Reply at 2:11-14
(Docket No. 42).)  It again points the court to a case from the
Eastern District of Wisconsin stating that "it is simply beyond
belief that the only possibility here is that [the defendant] was
so absent from the operation of his business that he had
absolutely no control over or knowledge that the alleged illegal
broadcast occurred."  Joe Hand Promotions, Inc. v. Jorgenson,
12-C-0159, 2013 WL 64629, at *3 (E.D. Wis. Jan. 4, 2013).  The
Jorgenson court made this observation in rejecting the
defendant's argument that he could not be individually liable for
an alleged violation of § 558 or § 603 that occurred at his
business.

        As plaintiff reminds the court in its memorandum in
support of this motion, the court is not to make credibility
determinations at the summary judgment stage.  In accordance with
the summary judgment standard, the court accepted defendant's
statement that he did not know that there was an interception or
theft of a television signal or authorize any interception or
display of the Program.  (June 5, 2013 Order at 15:22-28.)  It
also accepted his statement that there was no additional

5

1  commercial benefit to Miners Ranch Saloon on the night the

2  Program was broadcast there.  (<u>Id.</u> at 16:1-4.)  Plaintiff offered

3  no contrary evidence and the <u>Jorgenson</u> case fails to call

4  defendant's statements into question.

5          First, this court does not necessarily agree with the

6  court's observation in <u>Jorgenson</u>.  In this court's view, under

7  certain circumstances, an absentee owner could be unaware that an

8  unauthorized broadcast was shown at his establishment.  Second,

9  plaintiff ignores the critical context of the <u>Jorgenson</u> court's

10  observation.  In <u>Jorgenson</u>, there was a large sign advertising

11  the unauthorized program's broadcast.  <u>Jorgenson</u>, 2013 WL 64629,

12  at *3.  It would be much more difficult to believe that the

13  defendant owner had no knowledge of such an event in that case,

14  than here, where there was no evidence of promotion.  (<u>See</u> June

15  5, 2013 Order at 14:16.)

16          As this court explained in its Order, defendant is

17  responsible for the wrongdoing at issue because while "doing

18  business as" Miners Ranch Saloon he is legally indistinguishable

19  from Miners Ranch Saloon.  (<u>Id.</u> at 8:3-17.)  But as the court

20  found, (<u>id.</u> at 16:20-28), defendant made a sufficient showing

21  that the broadcast of the Program was not willful.  <u>See</u> <u>Nissan</u>

22  <u>Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.</u>, 210 F.3d

23  1099, 1102 (9th Cir. 2000) (holding that party seeking summary

24  judgment meets initial burden by "negating an essential element

25  of the nonmoving party's claim or defense" or by "show[ing] that

26  the nonmoving party does not have enough evidence of an essential

27  element to carry its ultimate burden of persuasion at trial").

28  As explained above, plaintiff offered no conflicting evidence to

1   show that it could prove willfulness.

2          Plaintiff is correct that in the case the court

3   discussed, J & J Sports Prods., Inc. v. Vazquez, 11-5448-SC, 2012

4   WL 3025916 (N.D. Cal. July 24, 2012), there was additional

5   evidence that a third party had ordered the program on a

6   television and brought that television to the establishment where

7   it was displayed, whereas here the Program was displayed on the

8   televisions owned by Miners Ranch Saloon.  But the fact remains

9   that there was no evidence that defendant exhibited the Program

10  for commercial or personal advantage.  Section 605(e)(3)(C)(ii)

11  requires that the exhibition of the unauthorized broadcast be

12  both willful and "for purposes of direct or indirect commercial

13  advantage or financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  The

14  undisputed fact before the court was that on the night of the

15  unauthorized broadcast, there was no increase in Miners Ranch

16  Saloon's sales or revenue compared to similar days in the same

17  time period.  (See June 5, 2013 Order at 16:1-3.)  There was also

18  no evidence that the establishment charged a cover, increased

19  food or beverage prices, or in any way advertised exhibition of

20  the Program.  (See id. at 14:16-18, 16:1-3.)

21         Plaintiff's motion is no more than a regurgitation of

22  arguments previously rejected in this court's Order.  The court's

23  determination that plaintiff was not entitled to enhanced

24  statutory damages was not error.  Just because plaintiff

25  disagrees with this court's decision is no reason for the court

26  to alter or modify it.

27  ///

28  ///

7

1          IT IS THEREFORE ORDERED that judgment be entered in

2    accordance with the court's June 5, 2013 Order;

3          AND IT IS FURTHER ORDERED that plaintiff's motion to

4    alter or amend that judgment be, and the same hereby is, DENIED.

5    DATED:  August 12, 2013

6

7    _____

     WILLIAM B. SHUBB

8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8